NOT DESIGNATED FOR PUBLICATION

No. 117,051

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DYLAN A. QUERRY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Linn District Court; TERRI L. JOHNSON, judge. Opinion filed September 1, 2017.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER, J., and STUTZMAN, S.J.

PER CURIAM: Dylan Querry appeals the district court's decision to revoke his
probation and order him to serve his underlying sentence. We granted Querry's motion
for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017
Kan. S. Ct. R. 48). We find no error and affirm.

In December 2015, Querry pled guilty to one count of aggravated battery. The
district court imposed a sentence of 12 months in prison followed by 12 months of
postrelease supervision, but granted probation for 24 months. In June 2016, the State filed
a motion to revoke Querry's probation, alleging that he had committed a new crime and
on September 1, 2016, Querry pled guilty to one count of criminal damage to property.
The district court granted Querry bond on his own recognizance so he could attend

1

inpatient treatment prior to the sentencing hearing, which was scheduled for November 22, 2016. The court also continued the hearing on the probation violation to that sentencing date and told Querry that the outcome of the probation hearing depended largely on his success at treatment and his conduct in the intervening months.

On October 3, 2016, the State filed an amended motion to revoke probation due to Querry's failure to complete his treatment program. Specifically, the State alleged Querry had been unsuccessfully discharged from the program due to violent and disrespectful behavior.

As scheduled, on November 22, 2016, the district court took up sentencing on Querry's criminal damage to property conviction as well as the deferred hearing on his probation violations. The court sentenced Querry to 12 months in prison for his criminal damage to property conviction, then it found that the criminal damage conviction constituted a violation of the terms and conditions of Querry's probation. As a result of the probation violation, the district court revoked Querry's probation and ordered him to serve his original sentence. On appeal, Querry argues that the district court abused its discretion when it revoked his probation and ordered service of the underlying prison term instead of choosing a lesser sanction pursuant to K.S.A. 2016 Supp. 22-3716.

Probation from serving a criminal sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once a defendant has violated the terms and conditions of probation, the district court historically has had discretion to revoke the probation and order the defendant to serve the underlying sentence. *State v. Brown*, 51 Kan. App. 2d 876, 879, 357 P.3d 296 (2015), *rev. denied* 304 Kan. 1018 (2016). Judicial action constitutes an abuse of discretion if the action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party claiming error

bears the burden of showing the abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In 2013, the legislature amended K.S.A. 22-3716 to limit a district court's discretion to revoke probation and order a defendant to serve his or her underlying sentence. Now, when a defendant is found to have violated the conditions of his or her probation, the district court must impose graduated intermediate sanctions before revoking probation and ordering service of the underlying sentence. See K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(D). However, K.S.A. 2016 Supp. 22-3716(c)(8)(A) permits a district court to revoke probation immediately, without imposing intermediate sanctions, if the offender commits a new felony or misdemeanor while on probation. Whether a district court properly revoked probation and ordered service of an underlying sentence without first imposing intermediate sanctions is a question of law over which this court exercises unlimited review. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015).

Querry's new conviction triggered the bypass provision in K.S.A. 2016 Supp. 22-3716(c)(8)(A), giving the district court discretion to revoke probation without first imposing other sanctions. Querry asserts that if the court had continued him on probation, he was willing to attend treatment again, would have agreed to get a new mental health evaluation, and had opportunities for employment to help him pay restitution. Even assuming Querry's alternate dispositions were feasible, they do not in themselves make the district court's decision arbitrary, unreasonable, or fanciful, or show that it was based on any error of law or fact. Querry has not met his burden to show the district court abused its discretion by rejecting his alternatives and choosing revocation instead. We find no error in the decision to revoke his probation.

Affirmed.

3